PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. FRANCISCA ACOSTA, Defendant and Appellant.

No. 3902.   Argued December 11, 1929.—Decided January 22, 1930.

*Juan B. García Méndez* and *E. González Mena,* for appellant.   *R. A. Gómez,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a prosecution begun in a Municipal Court for assault and battery under aggravated circumstances, inasmuch as by various counts the defendant, a teacher, was charged with having whipped a child.   We find it unnecessary to consider the sufficiency of the evidence or the conflict therein, as the judgment must be reversed on another ground.

The trial took place on the 4th of October, 1928.   Judgment was not rendered until November 24th, 1928.   Section 29 of the Code of Criminal Procedure as amended provides:

"After having heard the charge, if the defendant pleads 'not guilty' the justice shall proceed as follows:

"Fifth. The justice of the peace shall, within five days, transmit the record to the district court, which court, within ten days after its receipt, shall set the day for the trial of the case, and shall issue summons for the prosecuting attorney and for the defendant.   New evidence may be introduced at the trial, and such evidence as may have been refused or admitted by the justice of the peace may be reproduced.   The court shall definitely decide as to the admission of such evidence, and shall consider it and hear the parties to the case, and within two days thereafter shall render final decision, either convicting or acquitting the defendant, ordering the release of the defendant in case of acquittal."

Now it is evident that the intention of the legislature was

that trials before municipal courts should be speedy, and given the form of the statute and the jurisprudence of this court, in analogous cases we have reached the conclusions that the words of article 29 are imperative, and that in an appeal from a municipal court the district court in the absence of *force majeure* is bound to render judgment within two days after the trial.

In *People* v. *Cardona,* 36 P.R.R. 556, assuming the rule imperative, we noted an exception to it, inasmuch as the district court in presence of the parties postponed the day for judgment.

In *People* v. *Rodríguez Alberty,* 39 P.R.R. 542, a demurrer was presented and the court set a later date for judgment, and no objection was made.

In each of the foregoing cases, outside of the pendency of a demurrer, the principle *consensus tollit errorem* was more or less involved. Nothing of the kind occurred in the present case.

A similar question was presented to the Chief Justice del Toro in the case of *Ex parte Rafael Martínez,* etc.,. a proceeding in *habeas corpus.* The conclusion reached was that the words of the statute were mandatory, as they were in a majority of jurisdictions in the United States.

We have examined the record and we do not find that the reasons had by the court below in postponing the judgment were sufficient or could possibly constitute *force majeure.* As we have said, the trial took place on the 4th of October, 1928. The judge was present in the court on the fifth of that month. It is true that thereafter the judge was ill and could not attend court, but he returned thereto on the 15th of October. The judgment was not rendered until November 24th. We can not hold that other duties, like the impanelling of juries, were more imperative than the disposing of this case as required by law.

The judgment must be reversed and the defendant discharged.